# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**NICOLAS PAUCAR on his own behalf and others similarly situated,**

             **Plaintiff,**

**-vs-**                            **Case No.  2:08-cv-304-FtM-29DNF**

**GFS BUILDING MAINTENANCE, INC. a Florida corporation,**

             **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF AMENDED SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 31)** |
| **FILED:** | **September 18, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be determined to be **MOOT**.

> **MOTION:** **CORRECTED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 32)**
>
> **FILED:** September 19, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

The parties filed a Corrected Joint Notice of Filing and Joint Motion for Approval of Amended Settlement Agreement as Stipulated Final Judgment (Doc. 32) on September 19, 2008.[1] The Plaintiff, Nicolas Paucar and the Defendant, GFS Building Maintenance, Inc. are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with prejudice. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district

---

[1] The Corrected Joint Motion was filed to correct the title of the original Joint Motion which requested an approval of an Amended Settlement Agreement. The attached Settlement Agreement was not amended. The Settlement Agreement (Doc. 31-2) which is attached to the original Joint Motion for Approval of Settlement Agreement is the correct Settlement Agreement, and is the Settlement Agreement which the Court reviewed.

court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by the Defendant and was employed as a janitor. The Plaintiff was represented by counsel throughout this litigation. The parties have disputed issues, one of which is whether the Plaintiff even worked uncompensated overtime hours. The Plaintiff initially estimated that he worked 800 hours overtime at the halftime rate of $4.25 per overtime hour, and was owed $3,400.00. However, after information was exchanged, is was possible that he was owed less then he originally believed. The Court reviewed the Settlement Agreement (Doc. 31-2). The parties settled for the amount of $1,250.00 for overtime wages, $1,250.00 for liquidated damages, $3,300.00 for attorney's fees, and $500.00 for costs. Plaintiff's counsel expended 11 hours in the case, and an hourly rate of $300.00 per hour. The Court finds that the settlement in the amount of $6,300.00 is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Corrected Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Doc. 32) be granted, and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___22nd___ day of September, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record